**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION**

| | |
|---|---|
| MAURICE MILES SR., | Case No. CV 22-04654-DDP(AS) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | **WITHOUT PREJUDICE** |
| THE STATE SUPERIOR COURT JUDGE, and PUBLIC DEFENDERS LA, | |
| Respondents. | |

**INTRODUCTION**

On July 7, 2022, Petitioner Maurice Miles Sr., ("Petitioner"), filed a Petition for Writ of Habeas Corpus by a person in state custody ("Petition") pursuant to 28 U.S.C. § 2254. (Dkt. No. 1).

In a Minute Order issued on July 18, 2022, the Court determined that Petitioner had failed to present all grounds alleged in the Petition to the California Supreme Court and the

1

Petition was therefore subject to dismissal as alleging only unexhausted claims. (Dkt. No. 5). The Court ordered Petitioner to either request a voluntary dismissal of the Petition without prejudice or file a motion for a stay pursuant to *Rhines v. Weber,* 544 U.S. 269 (2005), so that he may return to the state courts to exhaust his claims. Id., at 3.

On August 3, 2022, Petitioner filed a request for a stay pursuant to *Rhines,* (Dkt. No. 6), which the Court denied because Petitioner had "failed to show good cause excusing his failure to exhaust the unexhausted claims alleged in the Petition." (Dkt. No. 7 at 3).

On August 22, 2022, the Court issued an Order informing Petitioner that he "has only one option, namely, to request a voluntary dismissal of this action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)" and directing Petitioner to file a notice of dismissal within fourteen (14) days or not later than September 5, 2022. (Dkt. No. 8). The Court's Order also stated that "if Petitioner acts in a prompt, timely and reasonable manner, [he] may still have time to proceed to the state court(s) to exhaust his presently unexhausted claims, and then file a timely federal habeas petition." Id., at 2.

The Court's Orders, dated August 19, 2022 (Order denying a stay) and August 22, 2022 (Order re voluntary dismissal), mailed to

2

Petitioner's address of record, were returned to the Court as undelivered mail. (See Dkt. Nos. 9, 11). On September 8, 2022, the Court ordered Petitioner to provide the Court with his current address (pursuant to Local Rule 41-63) within ten days of the date or the Order. (Dkt. No. 10). To date, Petitioner has failed to provide a current address, file a voluntary notice of dismissal or otherwise communicate with the Court regarding his Petition.

**DISCUSSION**

**A.   Dismissal is Warranted Based on the Failure to Exhaust Claims**

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. 28 U.S.C. § 2254(b) - (c); Baldwin v. Reese, 541 U.S. 27, 29 (2004); Rose v. Lundy, 455 U.S. 509, 518-22 (1982). The habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the State, through counsel. 28 U.S.C. § 2254(b)(3).

Exhaustion requires that the prisoner's contentions be fairly presented to the state courts, and be disposed of on the merits by the highest court of the state. See James v. Borg, 24 F.3d 20, 24 (9th Cir. 1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979). A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Picard v. Connor, 404 U.S. 270, 275-78 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996).

Here, Petitioner concedes that he has failed to present each and every Ground alleged in the Petition to the California Supreme Court. (See Petition at 6-7, 9). The Petition is therefore unexhausted and subject to dismissal on its face.[1]

Petitioner has failed to state an exhausted constitutional claim for relief and therefore, the Petition fails to state a claim upon which relief may be granted. If it "appears from the application that the applicant or person detained is not entitled"

---

[1] In certain circumstances, the Court has authority to stay a "mixed" petition containing both exhausted and unexhausted claims. See Rhines v. Weber, 544 U.S. 269 (2005); King v. Ryan, 564 F.3d 1133, 1143 (9th Cir. 2009)(stay procedure authorized by Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), overruled on other grounds, Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007) ("Kelly" remains available after Rhines). However, the present Petition is not mixed; it is completely unexhausted. The Court cannot stay a completely unexhausted petition. See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).

4

to habeas relief, a court may dismiss the action without ordering service on the requested party. 28 U.S.C. § 2243; see also Rule 4, Rules Governing Section 2254 cases in the United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief); Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal to district judge "if it plainly appears from the face of the petition []that the petitioner is not entitled to relief").

Petitioner may be able to present his claims to the California Supreme Court. See In re Harris, 5 Cal.4th 813, 825 (1993) ("[H]abeas Corpus has become a proper remedy in this state to collaterally attack a judgment of conviction which has been obtained in violation of fundamental constitutional rights.") (citations and quotations omitted).[2]

\\
\\
\\

---

[2] The Court expresses no opinion concerning whether consideration of a state habeas petition might be foreclosed by state procedural law. The California Supreme Court should evaluate this matter in the first instance. Moreover, even if there exists an applicable state procedural bar, the California Supreme Court nevertheless might choose to reach the merits of Petitioner's claims. See e.g., Park v. California, 202 F.3d 1146 (9th Cir. 2000).

**ORDER**

For the foregoing reasons, the Petition is dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: SEPTEMBER 23, 2022

_____
DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE